KAUFMANN DEPARTMENT STORES, INC. *v.* UNITED STATES

**No. 6996.**—Invoices dated Godalming, England, February 19, 1942, etc.
Certified February 20, 1942, etc.
Entered at Pittsburgh, Pa., April 8, 1942, etc.
Entry No. 466, etc.

(Decided March 12, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge:   The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

LITTLE-JONES CO., INC. *v.* UNITED STATES

**No. 6997.**—Invoice dated Stourbridge, England, July 8, 1942.
Entered at New York, N. Y., September 24, 1942.
Entry No. 707193.

(Decided March 12, 1947)

*Sharretts & Hillis* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.